UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD CHILDS,

        Petitioner,

                              CASE NO. 2:07-CV-11768
v.                             HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

## **ORDER GRANTING REQUEST TO STAY THE PROCEEDINGS, STAYING CASE WITH CONDITIONS, AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

### **I.    Introduction**

Petitioner Donald Childs (aka Donald Charles), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2003 convictions for assault with intent to commit murder, felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to 23 years nine months to 50 years imprisonment on the assault with intent to commit murder conviction, a concurrent term of one to four years imprisonment on the felonious assault conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction.

In his habeas pleadings, Petitioner raises claims concerning prosecutorial misconduct, juror misconduct, ineffective assistance of trial counsel, cumulative error, double jeopardy, and ineffective

1

assistance of appellate counsel. This matter is before the Court on Petitioner's request to stay this case so that he may return to the state courts and exhaust state remedies as to certain claims of ineffective assistance of trial counsel, double jeopardy, and ineffective assistance of appellate counsel. For the reasons set forth below, the Court grants Petitioner's request, stays the proceedings with conditions, and closes the case for administrative purposes.

**II.     Procedural History**

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims of prosecutorial misconduct, juror misconduct, ineffective assistance of trial counsel, and cumulative error. The court affirmed his convictions and sentences. *People v. Donald Charles (aka Donald Childs)*, No. 252031, 2005 WL 267646 (Mich. Ct. App. Feb. 3, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Donald Charles (aka Donald Childs)*, 474 Mich. 871, 703 N.W.2d 810 (Sept. 28, 2005). Petitioner's motion for reconsideration was also denied. *People v. Donald Charles (aka Donald Childs)*, 474 Mich. 1022, 708 N.W.2d 420 (Jan. 30. 2006).

Petitioner signed the instant habeas petition on April 16, 2007. As noted, this matter is before the Court on Petitioner's request to stay this case so that he may exhaust state remedies on three of his habeas claims. He seeks a stay due to concerns about the one-year statute of limitations applicable to federal habeas actions.

**III.    Discussion**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners

2

must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he or she can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before she can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534-35 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 1533. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 1535.

In this case, Petitioner has shown the need for a stay. It appears that his proposed additional claims concerning double jeopardy and the ineffective assistance of trial and appellate counsel have not been exhausted in the state courts and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow for further exhaustion

of state remedies. *See* 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied Petitioner's request for reconsideration on January 30, 2006. Petitioner then had 90 days in which to seek a writ of certiorari with the United States Supreme Court. *See* Rule 13, Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on or about April 30, 2006 -- 90 days after the Michigan Supreme Court denied reconsideration. Petitioner signed the instant petition on April 16, 2007. Thus, he has approximately 14 days remaining on the one-year limitations period, assuming that the Court equitably tolls the time in which his current petition has been pending. *Cf. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period). Additionally, the double jeopardy and ineffective assistance of trial and appellate counsel claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Further, Petitioner may assert that he did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claims.

**IV.    Conclusion**

Accordingly, for the reasons stated, the Court **GRANTS** Petitioner's request and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to additional federal claims. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order – if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court

with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Lastly, this case is **CLOSED for Administrative Purposes** pending compliance with these conditions.

**IT IS SO ORDERED**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 11, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 11, 2007.


s/Marie E. Verlinde
Case Manager
(810) 984-3290