UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD CHILDS aka
DONALD CHARLES,

          Petitioner,

                                        CASE NO. 2:07-CV-11768
v.                                    HONORABLE SEAN F. COX

BLAINE LAFLER,

          Respondent.
_____/

**OPINION AND ORDER RE-OPENING CASE, DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      Michigan prisoner Donald Childs aka Donald Charles ("Petitioner") filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 2007 challenging his 2003 convictions for assault with intent to commit murder, felonious assault, felon in possession of a firearm, and possession of a firearm during the commission of a felony, which were imposed following a jury trial in the Wayne County Circuit Court. Petitioner was sentenced to 23 years nine months to 50 years imprisonment on the assault with intent to commit murder conviction, a concurrent term of one to four years imprisonment on the felonious assault conviction, a concurrent term of one to five years imprisonment on the felon in possession conviction, and a consecutive term of five years imprisonment on the felony firearm conviction.

      Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, raising claims of prosecutorial misconduct, juror misconduct, ineffective assistance of trial counsel, and cumulative error. The court affirmed his convictions and

sentences. *People v. Donald Charles (aka Donald Childs)*, No. 252031, 2005 WL 267646 (Mich. Ct. App. Feb. 3, 2005) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Donald Charles (aka Donald Childs)*, 474 Mich. 871, 703 N.W.2d 810 (Sept. 28, 2005). Petitioner's motion for reconsideration was also denied. *People v. Donald Charles (aka Donald Childs)*, 474 Mich. 1022, 708 N.W.2d 420 (Jan. 30. 2006).

Petitioner signed his initial federal habeas petition on April 16, 2007. In that petition, he raised claims concerning prosecutorial misconduct, juror misconduct, ineffective assistance of trial counsel, cumulative error, double jeopardy, and ineffective assistance of appellate counsel.

Petitioner then moved to stay the proceedings so that he could exhaust certain claims of ineffective assistance of trial counsel, double jeopardy, and ineffective assistance of appellate counsel in the state courts. On May 11, 2007, the Court granted Petitioner's motion to stay the proceedings and administratively closed the case. The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within 90 days of the Court's order and, if he was unsuccessful in the state courts, moving to re-open the case and proceed on an amended petition within 30 days after the conclusion of the state collateral proceedings. On November 16, 2007, the Court granted Petitioner an extension of time with regard to the filing of his state court motion for relief from judgment and deemed it timely filed.

Petitioner now seeks to reopen this case for consideration of his habeas claims on the merit. Petitioner dated his letter request on March 30, 2016. He provides no information about his exhaustion of remedies in the state courts nor does he provide an amended petition for consideration.

The Court shall now re-open the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims.

Petitioner's request to proceed on his habeas petition must be denied because he failed to comply with the conditions set forth in the Court's order staying and administratively closing the case. The Court conditioned the stay on Petitioner returning to state court within 90 days of exhausting his claims in the state courts, and then moving to re-open his case on an amended petition containing his exhausted claims within 30 days. Petitioner has not done so. While he apparently returned to the state trial court in a timely fashion (as reflected in this Court's October 16, 2007 order), and was denied relief from judgment in 2008, *see People v. Donald Charles*, Case No. 03-008352-01-FC (Wayne Co. Cir. Ct. July 9, 2008), he fails to show that he fully exhausted his claims in the state appellate courts and/or that he has returned to this Court within 30 days of the conclusion of his state court collateral review proceedings. The Court has not heard from Petitioner for more than eight years. Given such circumstances, the Court finds that Petitioner has not properly exhausted his state court remedies and/or has not returned to federal court within 30 days of the conclusion of those proceedings as previously required by the Court. He has thus failed to comply with the Court's May 11, 2007 order and failed to satisfy the conditions of the stay.

Accordingly, the Court **DENIES** Petitioner's request to proceed on his habeas claims. Rather, in accordance with Sixth Circuit precedent, the Court **VACATES** the stay as of the date it was entered, May 11, 2007, and **DISMISSES** the petition for a writ of habeas corpus. *See Palmer v. Carlton*, 276 F.3d 777, 780-82 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed.") (internal quotation omitted). This case is now **CLOSED** for all purposes.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the merits of a habeas claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED.**


Dated: June 27, 2016
S/ Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on June 27, 2016, the foregoing document was served on counsel of record via electronic means and upon Donald Childs Via First Class mail at the address below:

**Donald Childs**
193448
CHIPPEWA CORRECTIONAL FACILITY
4269 W. M-80
KINCHELOE, MI 49784

S/ J. McCoy
Case Manager